**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

OLIVIA M. SHEA,

Plaintiff,

v.

NISSAN NORTH AMERICA, INC. et al.,

Defendants.

Case No.: 26-cv-01321-DMS-DEB

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

Pending before the Court is Plaintiff's Motion to Remand to State Court ("Motion"). (Mot., ECF No. 3). In response to the Motion, Defendant Nissan North America, Inc. filed an opposition and Plaintiff filed a reply. (Opp'n, ECF No. 4; Reply, ECF No. 5). For the following reasons, Plaintiff's Motion is denied.

## I.      BACKGROUND

On November 3, 2025, Plaintiff filed suit in San Diego Superior Court against Nissan North America, Inc. and Does 1 through 10. (Compl., ECF No. 3-2 at 1, 2, 9). Plaintiff asserts claims under the Song-Beverly Consumer Warranty Act arising from her lease of a 2022 Nissan Sentra on June 29, 2022. (Compl. ¶¶ 8, 20–61); Cal. Civ. Code §§ 1790–1795.8 (West 2026). The Complaint alleges that Plaintiff "is a citizen of the State of California, residing in the City of Ramona." (Compl. ¶ 2). It further alleges that the "amount paid/payable by the Plaintiff for the Subject Vehicle, as reflected in the Lease

1

Agreement, is $28,155.00." (*Id.* ¶ 8). According to the Complaint, the vehicle "was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, structural, steering, suspension, transmission, engine, electrical, and emission system defects." (*Id.* ¶ 10). In total, Plaintiff alleges she presented the vehicle for repairs four times: in October 2023 with approximately 28,630 miles, in February 2024 with approximately 33,147 miles, in July 2025 with approximately 57,170 miles, and in September 2025 with approximately 58,532 miles. (*Id.* ¶¶ 11–14). Plaintiff's prayer for relief seeks damages, rescission of the lease agreement, restitution, a civil penalty in the amount of two times actual damages, prejudgment interest, attorney fees, and costs. (*Id.* at 9).

On November 5, 2025, Plaintiff served the Complaint on Defendant. (Notice of Removal, ECF No. 1 at 2). Defendant answered the Complaint in state court on December 4, 2025. (*Id.*). On March 2, 2026, Defendant removed the action to this Court, invoking diversity jurisdiction under 28 U.S.C. § 1332. (*Id.* at 3, 9). Defendant alleges that diversity of citizenship exists and that the amount in controversy is over $75,000. (*Id.* at 3–4 (alleging that Plaintiff is a citizen of California while Defendant is a citizen of Delaware and Tennessee)). On March 30, 2026, Plaintiff filed the present Motion to Remand, arguing that removal was untimely. (Mot. 1). Defendant maintains that the amount in controversy was not ascertainable from the face of the Complaint and it "was [therefore] entitled to remove on its own investigation within the one-year outer limit of 28 U.S.C. § 1446(c)." (Opp'n 3).

## II.     LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation modified). Under 28 U.S.C. § 1441(a), a civil action brought in state court may be removed if the federal court has original jurisdiction. Federal courts have original jurisdiction where there is a federal question or where there is diversity of citizenship and

2

26-cv-01321-DMS-DEB

the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. There are several time limits on removal. The first is that a notice of removal must be filed within thirty days of receipt of the initial pleading. § 1446(b). However, this only applies "when that pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 691 (9th Cir. 2005) (citation modified). The second limit is that a notice of removal must be filed within thirty days of receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." § 1446(b)(3). The document in question "must make a ground for removal unequivocally clear and certain." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021). Finally, "provided that [the defendant] has not run afoul of either of the thirty-day deadlines," it may remove the action "on the basis of its own information" within one year of commencement of the action. *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013); § 1446(c)(1) (setting the outer limit of removal to one year unless the plaintiff "has acted in bad faith in order to prevent a defendant from removing the action"). Any procedural challenges to removal, such as timeliness, must be made on a motion to remand within thirty days of the filing of the notice of removal. 28 U.S.C. § 1447(c); *Blumberger v. Tilley*, 115 F.4th 1113, 1124 (9th Cir. 2024) (noting that timeliness is a procedural defect). However, if at any time before final judgment, it appears that the court lacks subject-matter jurisdiction, the case must be remanded to state court. § 1447(c). The burden of establishing subject-matter jurisdiction rests on the removing party and "any doubt about the right of removal requires resolution in favor of remand." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773–74 (9th Cir. 2017) (citation modified).

### III.   DISCUSSION

The Parties do not dispute the Court's subject-matter jurisdiction over this action. (*See* Notice of Removal 3–5; Reply 3–4). Instead, Plaintiff argues that Defendant's removal was untimely. (Mot. 1). Defendant contends that removability was not

ascertainable from the face of the Complaint, thus failing to trigger the thirty-day deadline pursuant to § 1446(b).  (Opp'n 2).

### A. Diversity of Citizenship

The first issue is whether the Complaint "affirmatively reveal[ed]" diversity of citizenship such that Defendant was on notice of the action's potential removability. *Harris*, 425 F.3d at 691.  A person's citizenship is determined by their domicile, which is where they reside with the intention to remain or to which they intend to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  The Complaint alleges that Plaintiff "is a citizen of the State of California, residing in the City of Ramona." (Compl. ¶ 2).  Defendant argues that "[b]ecause the Complaint failed to allege Plaintiff's domicile— the legal standard for citizenship—diversity jurisdiction was not determinable from the four corners of the pleading." (Opp'n 2).  This argument is unpersuasive.  The defect in *Kanter* was that the complaint stated "that Plaintiffs were 'residents' of California." 265 F.3d at 857.  Here, by contrast, Plaintiff pleads her citizenship in direct terms.  Accordingly, diversity of citizenship was established on the face of Plaintiff's Complaint.

### B. Amount in Controversy

The second issue is whether an amount in controversy over $75,000 "is evident" from the Complaint.  *Harris*, 425 F.3d at 694.  The Complaint alleges that the "amount paid/payable by the Plaintiff for the Subject Vehicle, as reflected in the Lease Agreement, is $28,155.00" and requests "a civil penalty of up to two times the amount of actual damages," among other relief. (Compl. ¶¶ 8, 34).  Plaintiff points to these statements and argues that Defendant must "apply a reasonable amount of intelligence in ascertaining removability," including by "multiplying figures clearly stated in a complaint." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (citation modified).  Plaintiff reasons that $28,155.00 in actual damages plus a penalty twice that amount is $84,465—over the § 1332 threshold even on the face of the Complaint.  (Mot. 5).  Defendant counters that this "conflates the gross lease amount with actual damages as defined by Song-Beverly." (Opp'n 2).  Instead, Defendant argues that actual damages

would be the price paid or payable minus statutory deductions such as the mandatory mileage offset.  (Opp'n 2–3, 8 (listing further deductions)).  Defendant argues that as the Complaint did not include this information, the amount in controversy was "indeterminate" and did not trigger the removal deadline.  (Opp'n 2).  For the reasons that follow, the Court agrees with Defendant.

Under the Song-Beverly Act, a prevailing buyer may recover damages "in an amount equal to the actual price paid or payable by the buyer . . . including any collateral charges such as sales or use tax, license fees, registration fees, and other official fees, plus any incidental damages to which the buyer is entitled under Section 1794, including, but not limited to, reasonable repair, towing, and rental car costs actually incurred by the buyer." Civ. § 1793.2(d)(2)(B).  "But if a plaintiff leased the subject vehicle rather than purchased it, as is the case here, the calculation of actual damages is slightly different.  In that case, courts consider the amount a plaintiff has actually paid on her lease, rather than the total value of the lease, to determine whether the amount in controversy has been met." *Gomez v. Nissan N. Am., Inc.*, No. 2:24-CV-09020-SVW, 2025 WL 26368, at *3 (C.D. Cal. Jan. 3, 2025); *see* Cal. Civ. Proc. Code § 871.27(e) (West 2026) (specifying that *paid* residual value on a lease can be actual damages).  Under the statute, actual damages shall be reduced by the "amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity."  Civ. § 1793.2(d)(2)(C).  This offset is calculated by taking the miles driven prior to bringing the vehicle in for repair divided by 120,000, and then multiplying that figure by the amount paid or payable by the buyer.  *Id.*  "In addition, amendments to the Song-Beverly Act that took effect January 1, 2025, provide for other statutory offsets based on negative equity, manufacturer's rebate, any optional equipment or services supplied by third parties, and unpaid interest or financing costs." *Perez v. Gen. Motors LLC*, No. 25-CV-08210-JST, 2026 WL 1468306, at *2 (N.D. Cal. May 26, 2026) (citation modified); *see* Civ. Proc. §

26-cv-01321-DMS-DEB

871.27(b)–(d), (f); (Notice of Removal 8 (confirming that Defendant elected to be governed by the new provisions)).

In assessing an amount in controversy under the Song-Beverly Act, "[c]onsideration of the Use Offset [is] appropriate." *Schneider v. Ford Motor Co.*, 756 F. App'x 699, 701 n.3 (9th Cir. 2018); (Compl. ¶ 31 (acknowledging the mileage offset)). This is because "an estimate of the amount in controversy must be reduced if a specific rule of law or measure of damages limits the amount of damages recoverable." *Schneider*, 756 F. App'x at 701 n.3 (citation modified). Applying that offset here defeats facial removability even on the Complaint's own figures. Assuming the full $28,155.00 lease price was available as damages and assuming the vehicle had 28,630 miles when brought in, the mileage offset would still drop the actual damages to approximately $21,437.69.[1] This amount plus the maximum civil penalty of two times actual damages still only comes to $64,313.07—below the jurisdictional threshold on the face of the Complaint. *See* Civ. § 1794(c). Furthermore, this calculation is generous to Plaintiff because it ignores the actual damages limitation for leases, assumes the lowest mileage figure for the offset calculation, and does not factor in any of the new offsets. (*See* Compl. ¶¶ 12–14 (identifying the mileage for subsequent issues as 33,147, 57,170, and 58,532)). In addition, the Complaint did not contain the information needed to calculate the new statutory offsets. While Defendant may have a duty to multiply figures, it cannot be expected to supply them. *Kuxhausen*, 707 F.3d at 1141 ("[W]e conclude that [Defendant] was not obligated to supply information which [Plaintiff] had omitted."); *Harris*, 425 F.3d at 694 (holding that removability is based on the pleadings rather than "subjective knowledge or a duty to make further inquiry"). Finally, although attorney fees available under a fee-shifting statute may be factored into an amount in controversy, the Complaint itself does not state a figure. *Fritsch v. Swift*

---

[1] The mileage offset based on the Complaint would be ($28,155.00 x (28,630/120,000)), coming to $6,717.31. Subtracting that amount from $28,155.00 is $21,437.69. This calculation reflects only what is revealed by the face of the Complaint, not the actual amount in controversy, which is not presently before the Court and which the Parties do not dispute.

*Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018).  An amount in controversy over $75,000 was therefore not evident "through examination of the four corners of the applicable pleadings."  *Harris*, 425 F.3d at 694.  Accordingly, the thirty-day clock did not start upon service of the Complaint and Defendant remained free to remove the action "on the basis of its own information" within one year of commencement of the action.  *Roth*, 720 F.3d at 1125; § 1446(c)(1).  Defendant's March 2, 2026 removal was well within one year of the action's commencement on November 3, 2025.  (Notice of Removal 9; Compl. 9).  Removal was therefore timely, and Plaintiff's Motion is denied.

### C. Subject-Matter Jurisdiction

"Although [Plaintiff does] not contest jurisdiction [], [the Court has] an independent obligation to ensure subject matter jurisdiction exists."  *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415 (9th Cir. 2018).  "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" with additional evidence only being required "when the plaintiff contests, or the court questions, the defendant's allegation."  *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).  "[A]lthough litigants cannot stipulate to subject matter jurisdiction where it does not otherwise exist, . . . [Plaintiff's] concession of diversity jurisdiction [] is strong evidence that the amount in controversy exceeds $75,000."  *Chavez*, 888 F.3d at 416; (*see* Reply 3 ("The allegations within Plaintiff's Complaint establish the amount in controversy is well over $75,000.00")).  "Such a concession is tantamount to a plaintiff expressly alleging damages in excess of the jurisdictional amount, which we accept as the amount in controversy if done in good faith."  *Chavez*, 888 F.3d at 416.  That concession is bolstered by Defendant's assertion that after the initial disclosures and a preliminary investigation, it was able to calculate actual damages including any offsets.  (*See* Notice of Removal 4–5).  The Court finds there to be a plausible allegation that the amount in controversy exceeds the threshold and therefore finds subject-matter jurisdiction on the present record.

26-cv-01321-DMS-DEB

## IV.    CONCLUSION AND ORDER

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

Dated:  July 7, 2026

_____

Hon. Dana M. Sabraw
United States District Judge

26-cv-01321-DMS-DEB